AS CORRECTED: FEBRUARY 15, 2019
TO BE PUBLISHED

# Supreme Court of Kentucky

## 2018-SC-000448-KB

DATE 2/26/19 Kim Redmon, DC

INQUIRY COMMISSION                                          COMPLAINANT

V.                          IN SUPREME COURT

JOSEPH W. BOLIN                                              RESPONDENT

## OPINION AND ORDER

The Inquiry Commission petitions this Court to temporarily suspend Joseph W. Bolin, a member of the Kentucky Bar Association (KBA), pursuant to Supreme Court Rule (SCR) 3.165(1)(a), which permits temporary suspension if there is probable cause to believe that Bolin "has been misappropriating funds [he] holds for others to [his] own use or has been otherwise improperly dealing with said funds." In support of its petition, the Commission claims that Bolin has misappropriated almost $1 million in client funds. Bolin's KBA number is 06130 and his bar roster address is 520 Main Street, Murray, Kentucky 42071.

## BACKGROUND

The Commission's petition outlines two instances of representation where Bolin has likely violated the Rules of Professional Conduct. Additionally,

Bolin was indicted on criminal charges arising from the same factual circumstances as the two representations below.

## 1. Tucker Representation

Bolin represented Theresa Tucker in her capacity as executrix of her father's estate. Bolin collected approximately $292,000 from the sale of the decedent's home and farm and filed an Informal Settlement in Hickman County, which was approved and entered in November 2017. Bolin did not distribute any estate funds at that time.

Bolin claims he invested the estate money in text and trade books owned by companies he owns or manages, despite never receiving authorization from Tucker. In a letter dated January 4, 2018, Bolin informed Tucker that he was ready to distribute the estate funds, but he failed to make any distributions. After Tucker filed a bar complaint against Bolin, he told the Office of Bar Counsel that he anticipated sale of the books and that the estate funds would be available the week of June 25, 2018. As of August 21, 2018, the date of the Commission's petition to this Court, the Commission stated that Bolin had not provided actual proof that the books exist and has not returned any of the estate money.

## 2. Estate of Helen Hayden

When Helen Hayden passed away, Bolin petitioned the trial court for appointment of an executor of her estate. Bolin was ultimately appointed as executor and he subsequently sold her farm in March 2017 for $700,000.00 and deposited the proceeds into his Client Trust Account. Bolin did not inform

the heirs of the sale — they read about it in the newspaper. In the court-ordered 60-day inventory of the estate, Bolin listed the estate assets and did not report the $700,000.00 sale proceeds. Bolin advised the estate heirs that the funds were used to purchase text books and trade books.

The estate beneficiaries made numerous requests that Bolin distribute their shares of the proceeds to no avail. Since the proceeds from the sale are unaccounted for, the heirs filed a complaint in Hickman Circuit Court in April 2018. That litigation is ongoing. The Commission's petition outlines many self-reported transactions Bolin has made with the estate funds, and most involve transactions between the estate and companies that Bolin owns or manages. In response to a request for information from the Office of Bar Counsel, Bolin stated that he had possession of 100,000 books and as executor of the estate, he is permitted to invest estate funds pursuant to Kentucky Revised Statute (KRS) 395.195.

### 3. Bolin's Response to Show Cause Order and Criminal Indictment

On November 1, 2018, this Court entered an Order to Show Cause, ordering Bolin to show cause why he should not be temporarily suspended under SCR 3.165(1)(a). Bolin, by counsel, filed a response on December 3, 2018. The response states that Bolin has no objection to the entry of an order temporarily suspending him from the practice of law. Counsel states that Bolin has closed his law practice, closed his office, and sent notice to any courts in which he still had pending cases.

3

Bolin has been indicted on criminal charges arising from the same factual circumstances outlined above. The charges are two counts of theft over $10,000.00 in Calloway County, Kentucky. As of December 3, 2018, Bolin was incarcerated on a $50,000.00 cash bond. In light of these charges, Bolin believes that he has no grounds to object to the entry of the Court's Order temporarily suspending him from the practice of law.

Given the petition and Bolin's response, the Commission has supplied a reasonable basis to believe that Bolin misappropriated funds he held for others or he has otherwise been improperly dealing with said funds. Bolin has no objection to the entry of the Order. Consequently, the Commission's petition for temporary suspension is granted.

Accordingly, it is hereby ORDERED:

1. Joseph W. Bolin is temporarily suspended from the practice of law in the Commonwealth of Kentucky, effective upon the date of entry of this Opinion and Order, pending further orders from this Court;

2. Disciplinary proceedings against Bolin shall be initiated by the Commission pursuant to SCR 3.160, unless already begun or unless Bolin resigns under terms of disbarment;

3. Pursuant to SCR 3.165(5), Bolin shall, within twenty (20) days from the date of entry of this Opinion and Order, notify all clients in writing of his inability to provide further legal services and furnish the Office of Bar Counsel with copies of all such letters;

4

4. Pursuant to SCR 3.165(6), Bolin shall immediately, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged.

C.J. Minton; Hughes, Keller, Lambert, VanMeter, and Wright, JJ., sitting. All concur.

ENTERED: February 14, 2019.

_____
CHIEF JUSTICE

5

# Supreme Court of Kentucky

2018-SC-000448-KB

INQUIRY COMMISSION                                  COMPLAINANT


V.                        IN SUPREME COURT


JOSEPH W. BOLIN                                      RESPONDENT


## ORDER OF CORRECTION

The Opinion and Order of the Court rendered February 14, 2019, is

CORRECTED to reflect the correct entered date on Page 5. The original

Opinion and Order is replaced in its entirety by the attached corrected Opinion

and Order. This correction does not affect the holding of the original Opinion

and Order rendered by the Court.

ENTERED: February _15_, 2019.

CHIEF JUSTICE